BOYD, Justice,
concurring in part and dissenting in part.
I concur with the majority opinion approving the referee’s recommendation that respondent should be disbarred. My only disagreement is with that portion of the order which precludes an application for readmission for a minimum of five years.
Respondent has not filed a petition for review of the report of the referee. Article XI, Rule 11.09(3)(f) of the Integration Rule of The Florida Bar provides in pertinent part:
If no review is sought of a report of a referee entered under the rules and filed *797 in the Court, the findings of fact shall be deemed conclusive and the disciplinary measure recommended by the referee shall be the disciplinary measure imposed by the Court, unless the court directs the parties to submit briefs or oral argument directed to the suitability of the disciplinary measure recommended by the referee.
Therefore the recommended discipline of a minimum of five years’ disbarment is to be imposed unless we direct the filing of briefs directed to the suitability of the recommended discipline.
Article XI, Rule 11.10(5) of the Integration Rule provides that in general, “no application for admission may be tendered within three years after the date of disbarment or such longer period as the Court might determine in the disbarment order.” Thus our power to impose a period of ineligibility for readmission longer than three years is recognized by the Integration Rule. It has traditionally been our practice, however, to follow the general three-year guideline in most cases. If we are to impose a longer waiting period on some offending lawyers, such action should be based on reasoned judgment and grounded in the nature of their misconduct. It is necessary that we take steps to avoid allowing such differential treatment to arise from purely arbitrary factors. Therefore I would direct the filing of briefs addressed to the suitability of the five-year period of ineligibility for readmission ordered in this case.
Again, I fully agree that disbarment is appropriate to this case and dissent to the specific nature of the order of discipline only out of concern for principles of due process and equal protection.
ADKINS and SHAW, JJ., concur.